BURMEISTER v. DEWEY *et al.*

1. Judicial sale: SALE IN GROSS.  A sheriff's sale, under special execution, of two hundred and forty acres of land in a body, will not be declared void when it appears that the land was first offered in forty acre tracts, by the sheriff, and that no bids were received for any portion as thus offered.

2. —— HOMESTEAD.  Nor would the case be changed by the fact that one of the tracts thus sold was the homestead of the defendant. The offering by the sheriff in separate tracts, and his endeavoring

thus to sell before offering and selling in a body was held in the present case an exhausting of the other property named in the writ, within the meaning of section 2281 of the Revision, which provides that the homestead "shall not be sold except to supply a deficiency remaining after *exhausting* the other property," etc.

3. —— IRREGULARITY: LACHES. A judicial sale of real estate ought not to be disturbed for a mere irregularity in the manner of selling, after the lapse of nine years of uninterrupted possession by the purchaser and his grantees.

*Appeal from Scott District Court.*

WEDNESDAY, OCTOBER 6.

PROCEEDING, in equity, commenced in March, 1868, to set aside a certain judgment of foreclosure, entered in favor of Dewey against plaintiff and wife, in September, 1859, and a sale made thereon in November of the same year. The property sold was bought by plaintiff of Dewey, mortgaged to secure a balance of the purchase-money, consisted of 240 acres, being described as a quarter and half quarter section. Plaintiff moved on to the land, built a house, made improvements, etc., and says that one quarter section (describing it) is his homestead, etc. Demurrer to petition sustained. Plaintiff excepted, stood by his pleading, and appeals. For other facts see the opinion.

*J. T. Lane* and *Brown & Sully*, for the appellants.

*H. R. Claussen* and *Davison & True*, for the appellees.

WRIGHT, J. — Many matters are stated in the petition as grounds of relief, which, if true, and insisted upon here,

1. JUDICIAL SALE: sale in gross.

would necessarily result in a reversal of the cause. Looking to the points made and the argument of counsel, however, I am not mistaken in

assuming that, abandoning any attack upon the judgment of foreclosure, they simply maintain that the property was sold in gross, that the homestead was not liable to sale until the other property was exhausted, and that a mere *offer* of the other property, without selling it, did not exhaust it within the meaning of the law. And this point they make, based upon the allegations of their petition, taken in connection with the special execution and the return thereon as found in the record — accepting such return as the evidence of the manner in which the land was sold, rather than what is said without such aid in the petition itself. And if this point is ruled against them, counsel then maintain, in answer to defendant's argument, that the petition does not show an abandonment of the homestead. With this understanding of the record and argument, I come to the consideration of the case, esteeming it no part of my duty to dispose of, and especially to *reverse*, a case, upon a point or points not made in the argument, nor suggested in the brief.

It will be seen that if the first point is ruled against appellant, the second demands no attention at our hands. The facts concerning the sale are : That the special writ ordered the sheriff to sell the quarter section and the eighty, or so much thereof as might be necessary, etc. [The homestead forty is a part of the quarter section, but is not known or referred to as such in the mortgage, judgment, execution or sale.] The land was levied upon as a whole, and advertised in the same manner, or by the descriptions used in the mortgage, judgment and writ. It was offered in forty acre tracts, *and, there being no bidders for any part, as thus offered,* it was sold in gross to the judgment plaintiff for, etc., who received and recorded his deed in due time. It does not appear in what order the homestead forty was offered, whether before or after the other tracts. Nor does it appear that the

sheriff offered, *in a body, the other two hundred acres, before* selling all, including the homestead.

Defendants took possession in the spring of 1860, and have ever since held the same. The property sold for $5,050. It is alleged to have been worth, at the time of the sale, and to be still worth, $12,000, but the value of the *homestead* is not stated.

If no part of this property constituted the homestead of petitioner, it would hardly be claimed that the sale should be set aside. And this because the sheriff attempted to sell in parcels, was unable to thus sell, and could do nothing else than sell as he did. And this would be especially true, as the sale remained undisturbed near nine years — the plaintiff, without any developed reason, sleeping upon his rights, if any he had, for that length of time.

And still again, because it is not shown that plaintiff was prejudiced by this manner of sale — that is to say, that a part would have sold for sufficient — nor that the property did not sell for as much as if sold in parcels.

In support of this conclusion, I need not stop certainly to cite or discuss the cases in this and other States. It is sufficient to say that no case can be found where a sale (the homestead out of the way) has been interfered with, whether the attack was direct or collateral, under such circumstances. In *Miller* v. *Colville* (21 Iowa, 135), the proceeding was commenced the day after the deed was made, and before possession was taken. " The attack was not delayed." And as to applying " seasonably," see *Hamsmith* v. *Espy et al.*, 19 Iowa, 444. This conclusion I reach if the property is in the hands of the purchaser. If transferred to a third party (and of this there is perhaps scarcely a doubt, in view of what was said by counsel), the case is still clearer against appellant. *Love* v. *Cherry*, 24 Iowa, 204.

Does the fact that part of the premises constituted plaintiff's homestead make any difference? (I speak of plaintiff, in the singular, and yet it is proper to state that the wife joins with the husband in this proceeding.) That the homestead was liable for the debt is not controverted. The only question is as to its *order* of sale, if necessary to satisfy the writ.

<div style="margin-left:2em">2. —— homestead.</div>

By the law governing the subject it is declared, after providing that *it may be sold* in certain cases, of which this before us is one, that it shall shall not *in these instances* be sold except to supply the deficiency remaining *after exhausting* the other property of the debtor which is liable to execution. Rev. § 2281. The mortgage made the debt a special lien — the judgment ordered its sale, the execution so directed, and as to its liability there remains, ·I repeat, no doubt. Assuming now that it was a question of power and not of mere *regularity*, was the other property named in the writ (for we have nothing to do with any other — we do not know that there was any — it is not so claimed) exhausted, within the meaning of the law, before the homestead was sold. In my judgment, as applied to this case, it was.

If a question of *regularity*, then it would hardly be claimed that the sale should be set aside. If of power, and the other property was *not* exhausted, I think it might very well be doubted whether, so long after the sale, and deed and possession thereunder (to say nothing of the probable rights of third persons), a court of equity ought to or would interfere. See *Cavender* v. *Heirs of Smith*, 1 Iowa, 307; *Denegre* v. *Hann*, 14 id. 240. In my view, as already suggested, the case need not be put upon the latter ground, and upon it therefore I express no opinion, esteeming it as I do, in view of the sacredness with which the law has invested the homestead, as a question of the very gravest doubt and importance.

But was the other property named in the writ *exhausted?* I say it was when it was all *offered* in the smallest legal subdivisions, and not sold for want of bidders. If, after being thus offered, the other two hundred acres had been offered in a body and not sold, and the two hundred and forty had been offered and sold, it would, to my mind, be the merest talk to say that the other property was not *exhausted*, and, therefore, the homestead could not be sold ; that an offer of the other property, *without selling it*, is not *exhausting* it within the meaning of the law. The *power* to sell, the duty to sell would, in my judgment, beyond doubt arise after the offer of the two hundred in gross, whether sold or not. If this is not so, then the sheriff might be required to perform, in some instances, an impossibility before the homestead could be sold. And so, too, such a rule might work most injuriously to the owner of the homestead, for though it might be vastly more judicious for him and beneficial to his interest to sell all together, yet the sale would never be good against a direct attack, however faithful the officer might have been in endeavoring to sell the other property. (Of course I speak now of cases where the owner would not be estopped by some act, or something else than the mere thought or consideration of interest or benefit.) I am not now speaking of cases where the officer, having offered the other tracts separately and then in gross, has failed to sell, and then sold the homestead, but where, having thus offered them, he sells all. And, in such a case, I repeat that the separate offer, followed by the offer of the remaining parcels in gross, would remove, as it seems to me, all doubt as to the *regularity* of the sale, and certainly as to the *power* to sell. This view of the case I need not, however, further discuss, as any additional thoughts will be equally applicable to the final proposition, and that is : was it necessary that the

property should have been offered otherwise than in the smallest legal subdivisions — before the power to sell in gross arose? I say no — for it was *all* offered in the manner which it was conceded was proper, that is, in forty-acre tracts. And whether, thus far, the homestead was offered before or after the other tracts, is not material — for it was not thus sold; not only so, but we are bound to presume that the officer discharged his duty, and if required to offer it last, did so — neither the return nor the averments of the petition overcoming this presumption. *Love* v. *Cherry, supra.* But, in the absence of proof of fraud in not thus offering it, or of advantage to the owner if he had thus proceeded, where is the warrant or duty for so selling? Why was it not as much his duty to offer the other land in eighty-acre tracts — and if not thus sold then in one hundred and twenty — and then by the quarter section, before offering the two hundred?

It is possible that bidders might have been found if it had been thus offered; and if so, the debt might have been satisfied before reaching the homestead. But with these possibilities I have nothing to do. I am looking at the law, its language, its meaning, and the power of the officer. The offer by forties was regular, the first two forties or a forty and an eighty together, would unquestionably have been irregular. How then could you make an act good and valid by an *irregularity*, or an offer to do that which if carried out would have been or might have been set aside? An offer to discharge a given duty in a regular manner is certainly more effectual as curative of a subsequent act depending upon it, than to follow the first by an act irregular in its nature. Thus the offer by forties is an offer of *all*, before offering the homestead. If the two hundred had been offered in a body and not in parcels, there might have been some claim that, not being offered in the smallest

Burmeister v. Dewey.

legal subdivisions, the power to sell the homestead did not arise. So, too, if thus offered and sold. Not so, however, when all was offered in the precise method required by law. If thus offered and sold, there would remain no question as to the liability of the homestead. If not sold, but only offered, what remains for the officer to do? If the other property had been sold for a farthing, it would have been exhausted, and then the homestead could have been sold. Being no sale of the other property, the officer cannot make return as to the homestead, for he has nothing to return unless he makes an offer — or, making the offer, sells it. He acts in good faith — such is the presumption. We cannot indulge in any other. He advertises and duly endeavors to sell or exhaust the other property. The forty is liable upon a contingency. "I have demonstrated," he says "in the manner required by law, that the other property will not sell, will not pay the debt, and now I will offer it in gross." He sells it in gross and for a price (acting in good faith all the time, as we are bound to presume) —which further demonstrates that the other property would not pay the debt (there was still a balance due the mortgagee after the sale for $5,050) — and he does thus exhaust the other property. For he first demonstrates that it will not separately sell to pay the debt — and that with all together, the homestead and all, by exhausting all, the debt is still unsatisfied.

But I maintain, finally and briefly, that it is not a question of power, but of regularity. By this I do not mean, 3.——irregularity: laches. that if the homestead had been sold without attempting to sell the other land, it would have been simply irregular. For with such a case I have now nothing to do. What I mean is, that, after the officer had offered the other tracts, he had the power to offer and sell all, as he did. And while if he had offered and sold all the balance first and then the homestead, it

would not have been irregular, he was not bound to do so. And having the power, in his discretion, to sell in one way or the other, no court of equity ought, after the lapse of nine years, of continuous and uninterrupted possession, to set aside the sale. There should be some repose in titles, judicial as well as others. This is as necessary for the debtor as for the creditor. And with a disposition as strong, I trust, as is possessed by any one, to protect the homestead owner in every right, essential to its security, I nevertheless feel bound, as I view my duty and the law, to hold that the demurrer was properly sustained, and that the judgment below should be affirmed. And all the judges concurring, it is so ordered.

<div align="right">Affirmed.</div>