### FOLEY v. COOPER ET AL.

1. **Homestead:** EXEMPTION MAY BE WAIVED: JUDICIAL SALE.  The homestead may be sold on execution where the debt upon which the judgment is rendered was created by written contract, executed by those having the power to convey the homestead, and expressly stipulating that it shall be liable for the debt.

2. ———: ———: ———..  The parties possessing the homestead may insist, however, that their other property shall be exhausted before the homestead is sold.

3. ———: ———: ESTOPPEL.   If they have notice of the sale of the homestead and make no objection thereto, they are estopped to afterwards claim that other property should first have been exhausted.

*Appeal from Linn District Court.*

FRIDAY, JUNE 9.

THE plaintiff, who holds a sheriff's deed of the defendant's homestead, brings this action to recover possession.   The defendants by cross-petition allege that the deed is invalid, and ask that it be set aside.

The premises were sold upon execution to the plaintiff under a judgment rendered upon confession upon a note, which is in these words:

" MARION, December 31, 1870.

" For value received we promise to pay A. T. Woodbury, or bearer, eight hundred and seventeen dollars with ten per cent interest from date as follows: One hundred and fifty dollars six months from date, and the balance, including interest, one year from this date. We expressly waive the exemption of our homestead from judicial sale on this contract, and expressly stipulate and agree that our said homestead may be sold on execution the same as other property, to satisfy this contract or any judgment rendered thereon.

"*Attest:*            FRANCIS COOPER,

   J. M. RISTINE.           her
                       MARY A. ✕ COOPER."
                               mark

In the confession of judgment it is provided as follows:

" It is expressly agreed that this judgment shall be a lien, till fully paid, upon all the real estate owned by either of us, and also our homestead, to the same extent as if this was a judgment of foreclosure against us for the purchase money of said homestead; and we hereby waive the exemption of our homestead from judicial sale on this judgment, the same as other real estate, after exhausting our other property not exempt."

The defendant, Mary A. Cooper, had other property, to-wit: A life estate in sixty acres of land, which life estate was worth about $1,000.

The homestead, 40 acres, and also 100 acres adjacent thereto, were sold as one tract to plaintiff upon general execution without the said life estate, or any other property of defendants being sold. The said Mary A. Cooper can neither read nor write, and at the time she signed the note, and signed and swore to the confession of judgment they were not explained to her in any manner. The case was referred to a referee who reported the facts substantially as above set forth, and his conclusions of law as follows:

" 1. That the waiver of the homestead in the note and con-

fession of judgment was not such a conveyance, or incumbrance, as would subject the homestead to judicial sale on a general execution.

"2.   That the said homestead was sold without the consent of defendants.

"3.   That before the homestead of defendants should have been exposed to sale, all other property of defendants should have been exhausted.

"4.   That the sheriff's deed to plaintiff conveyed only the 100 acres."

The report was confirmed *pro forma* and decree entered for defendants.   Plaintiff appeals.

*I. M. Preston & Son,* for appellant.

The homestead was liable to be sold under the confession of judgment.   (*Stephens v. Myers,* 11 Iowa, 183; *Hale v. Heaslip,* 16 Iowa, 452.) . The purchaser at sheriff's sale is bound only to look to the judgment and execution, and if there is a legal judgment and execution and a sale fairly made to a *bona fide* purchaser, he will be protected.   (Rorer on Jud. Sales, 227–8–9; *Perkins v. Dibble,* 10 Ohio, 433.)   The sheriff may take upon execution such property as he finds subject thereto, unless the defendant turns out property.   (4 Pick., 277.)

*Thompson & Davis* and *Corbett & Campbell,* for appellees.

The only manner in which the title to a homestead can be affected is by a conveyance in which both husband and wife join.   (*Sharp v. Bailey,* 14 Iowa, 387.)

ADAMS, J.—I.   Section 2281 of the Revision is as follows:
"It" (the homestead) "may also be sold on execution for debts contracted prior to the passage of this law, or prior to 1. HOMESTEAD: the purchase of such homestead (except where exemption otherwise declared), or for those created by writ-may be waiv-ed : judicial ten contract executed by the persons having the sale. power to convey, and expressly stipulating that the homestead is liable therefor.   But it shall not in such cases be sold except

Foley v. Cooper et al.

to supply the deficiency remaining after exhausting the other property of the debtor which is liable to execution."

To render the homestead liable to be sold on execution, it is not necessary that it should be conveyed by mortgage or otherwise. It is only necessary that the debt should be created by a written contract executed by the persons having the power to convey the homestead, and that such persons should expressly stipulate that the homestead is liable therefor. Such is the fair construction of the statute, and we do not see that homestead rights would be rendered more secure if we should hold that the homestead can be incumbered only by conveyance.

II. ' The record shows that the defendants were duly notified of the sale. They took no steps to enjoin it on the ground that they had other property which had not been exhausted, nor does it appear that they notified the sheriff or judgment creditor that they had other property. So far as the record shows they made no objection to the sale. The property selling for more than was necessary to pay the judgment the defendant, Francis Cooper, received the balance.

If the defendant, Mary Cooper, had preferred that her life estate in the sixty acres should be first exhausted it would 2. ——: ——: have been her right to have it done, but we see —— no reason why the homestead might not be sold without exhausting it, if such was her preference. The homestead might be salable property, and the life estate not salable. Whether so or not the life estate, simply because it was a life estate, if it was an estate for her life, might be worth more to her than to any one else. She was undoubtedly entitled to her preference. It only remains to be considered whether her preference was manifested.

The law presumes that she knew it was her right to have her life estate first exhausted. She had notice that the home-3. ——: ——: stead was to be sold and made no objection. She estoppel. acquiesced in it. This must be regarded as a sufficient indication of her preference, and the objection which she now makes is made too late. *Cavender v. Heirs of Smith*, 1 Iowa, 306; *Denegre v. Haun*, 14 Iowa, 240.

That she could not read or write and that she was ignorant

of the contents of the note, and of the confession of judgment, cannot be set up as against this plaintiff, even if it could have been set up against the judgment creditor.

REVERSED.