WHITE v. ROWLEY ET AL.

1. **Homestead:** RECORDING OF PLAT. The plat of a homestead must be recorded to constitute a valid selection under the statute.

2. ———: FAILURE TO SELECT: JUDICIAL SALE. Where the judgment debtor has failed to select and plat his homestead, it is the duty of the officer holding an execution to cause the same to be done before selling any portion of the premises of which the homestead is a part, and a failure to do so will render the sale invalid, even though the government subdivision of forty acres on which the house is situated be not sold.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, OCTOBER 17.

ACTION to set aside a sheriff's sale of certain land, to-wit: the north forty acres of a government subdivision of eighty acres, which the plaintiff has owned and occupied as a homestead from a time antecedent to the contraction of the debt upon which the sale was made. The plaintiff's house is upon the south forty acres, the part not sold. Prior to the sale the plaintiff attempted to make a selection of his homestead. He

caused it to be platted, but the plat was not recorded and is now lost. As to what it showed the parties disagree. The plaintiff claims that it embraced a part of the forty acres sold, and that the sale was invalid for this reason. No attempt was made by the sheriff to cause the homestead to be marked off, and this it is claimed would render the sale invalid if not invalid for the reason first assigned. Judgment for defendant; plaintiff appeals.

*H. H. Cardell*, for appellant.

*Cox & Hoyt* and *T. R. North*, for appellee.

ADAMS, J.—The selection made by the plaintiff must be disregarded. To render it valid the plat should have been recorded. Code, Sec. 1998.

1. HOMESTEAD: recording of plat.

We are of the opinion, however, that no valid selection of a homestead having been made by the plaintiff it was incumbent upon the sheriff to set it off. It is provided in the section above cited that a failure of the owner to make a selection does not leave the homestead liable, but that the officer having the execution may cause the homestead to be marked off, etc. This is necessary, we think, to enable him to determine what is not exempt. In the case at bar the whole eighty acres constituted the plaintiff's home. His homestead within the meaning of the statute could not, it is true, embrace more than forty acres. But until marked off it is in the nature of a float. There is not a square foot of the eighty acres which the plaintiff could not select. It all then was of a *quasi* homestead character. To make any part of it subject to levy it is necessary to divest it of that character, and this can be done only in the manner which the statute points out.

2. ——: failure to select: judicial sale.

It is insisted that the sale itself divested it of that character, inasmuch as forty acres were left for a homestead, and the sale was made of a government subdivision and that upon which the dwelling house is not situated. But it is evident that in carving a homestead out of a larger farm there is no reason why respect should be paid to government lines. They respect neither soil, timber, water nor public roads. They divide

the house from the highway, the lowland from the upland, the pasture from the water. When a farmer erects a dwelling house he may be presumed to have selected the site with reference solely to its eligibility for that purpose. It may or may not be within the forty acres by government subdivision which embrace to the largest extent the essential elements of a farm. Government lines are run arbitrarily, and it is not possible that any presumption can be based upon them in regard to the demands of a homestead or the intention of the person entitled to homestead rights.

It is insisted, however, that without regard to any presumption, the sale of the north forty acres made the south forty acres the plaintiff's homestead. But to hold that it did so would dispense with the provisions of sections 1998 and 1999 of the Code. If a homestead can be determined, as was attempted in this case, why in any case take the superfluous step of marking off, platting and recording the homestead as preliminary to a sale? We cannot hold that the provisions of the statute may be complied with or not by the sheriff at his option, leaving the validity of the sale if the statute is not complied with to depend upon the question as to whether the owner was prejudiced. He could not show that he would have had a more favorable assignment if it had been made as the statute provides, for the obvious reason that he could not show what a statutory assignment would have been.

Besides, competition is invited at the sale. If bidders should be required to bid with reference to the contingency of the sale being set aside if the owner could prove that he was prejudiced by the omission of the sheriff to comply with the statute in question, competition would certainly be diminished, if not entirely destroyed.

Again, where the homestead is not marked off, platted and recorded as the statute requires, bidders must ascertain as best they can whether the levy has encroached upon the homestead. Before bidding, they would need to employ a surveyor to enable them to determine whether the amount not covered by the levy is forty acres.

It is contended that the plaintiff should have availed himself

White v. Rowley.

of the provisions of section 2002 of the Code, and called for referees; but that section, we think, was not designed to apply to such a case. Until sale the plaintiff or his wife could have selected the homestead; they had the matter in their own hands, and had no occasion for a reference. The object of a reference as provided is, we think, not to make the selection, but to enable the court to determine whether certain land claimed to be exempt really is so.

It may be asked why, if the homestead could have been selected by the plaintiff or his wife, at any time before sale, he should now be heard to complain? The answer is, that the homestead exemption is for the benefit of the family, and it is the policy of the law to protect it as far as may be, even against the negligence or misunderstanding of both husband and wife. The case at bar furnishes a forcible illustration of the wisdom of the law. The plaintiff made an attempt to select his homestead, and supposed that his selection was valid. The sheriff disregarded his selection, and sold by government lines. The plaintiff claims that in what is sold is embraced land which he wants for his farm. If the sheriff had gone upon the premises and marked off and platted the homestead without reference to government lines, as the statute plainly contemplates, he would have had nothing to guide him but respect for the plaintiff's rights, and it is to be presumed that those rights would have been secured.

We are of the opinion that the judgment of the court below should be

REVERSED.