Eggers v. Redwood.

---

EGGERS ET AL. v. REDWOOD ET AL.

1. **Judicial Sale**: SEPARATE LOTS. Where an officer's return of an execution sale of different lots recites that they were sold for a certain sum, but does not state whether separately or together, the presumption is that the officer did his duty and sold them separately.

*Appeal from Jackson District Court.*

FRIDAY, DECEMBER 13.

ACTION in equity to set aside a sale on execution of the homestead of plaintiffs. The petition states that the plaintiffs, being the owners of the N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 9, and the E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of the same section,

executed a mortgage thereon, which was foreclosed, and said premises ordered to be sold on special execution; and the same was sold thereon in a lump, instead of the ten-acre tract being sold first and separately, and the forty-acre tract or homestead sold separately, to supply the deficiency, if any there was; that the said N. E. ¼ of S. E. ¼ "is the homestead of the plaintiffs, and occupied by them as such; that the fact that it was so occupied by the plaintiffs as a homestead was known to the defendants, and the sheriff who made the sale of said premises; that plaintiffs were not present at said sale, neither did they consent to or authorize the selling of said premises in a lump, and the said Henry Eggers says he never had any notice served on him of the said sale of said premises, said notice being served on one Mari Eggers only."

The relief asked is "that the sale be set aside and a re-sale ordered, and that defendants be taxed with the costs of said illegal sale." There was a demurrer to the petition, on the ground that it did not state facts sufficient to entitle the plaintiffs to the relief asked. The demurrer was sustained, and plaintiffs appeal.

*F. M. Fort*, for appellants.

*Levi Keck*, for appellees.

SEEVERS, J.—The sole and only ground relied on to set aside the sale is that the premises were sold together, instead 

1. JUDICIAL sale : separate lots. 

of separately, and the homestead sold only to supply the deficiency, if any, after exhausting the other property. No prejudice in any other respect is averred; nor is it averred or claimed that the sheriff did not first offer, and separately, the ten-acre tract for sale. The presumption is that the officer did his duty in this respect, in the absence of any showing to the contrary. This was held in *Love v. Cherry*, 24 Iowa, 204, and it is there said in substance that, when an officer's return of an execution sale of two lots states

that they were sold for a certain sum, but does not state whether separately or together, the presumption is that the officer did his duty and sold them separately. That one of the tracts was the homestead could make no difference in this respect. The presumption that the officer did his duty should prevail in such case as well as in any other, and it was substantially so held in *Burmeister v. Dewey*, 27 Iowa, 468.

Certainly, if the sheriff first offered the ten-acre tract and there were no bidders, it was his duty to offer and sell the whole, including the homestead, together. Otherwise the plaintiffs could enjoy and get the use of premises which they had expressly pledged to pay the debt, without ever paying the same, unless the plaintiff in execution chose to purchase the property other than the homestead. This is not the meaning and intent of the statute.

AFFIRMED.