BRUMBAUGH v. SHOEMAKER.

1. **Homestead:** JUDICIAL SALE: EXHAUSTING OTHER PROPERTY.  A sheriff's sale in the foreclosure of a mortgage embracing the homestead will not be set aside where the sheriff first offers the land in forty-acre tracts, according to the government subdivisions, and, receiving no bids, then offers and sells the whole of the land, including the homestead.

*Appeal from Jasper District Court.*

SATURDAY, APRIL 26.

It appears from the allegations of the petition that on the 12th day of August, 1874, the plaintiff and his wife executed a mortgage upon a quarter section of land which he then owned, and upon which he, with his family, resided; that a portion of said quarter section was the homestead of the plaintiff and his family; that said mortgage was foreclosed,

a special execution was issued for the sale of the land, and the same was sold by the sheriff in bulk to the defendant for one thousand nine hundred and twelve dollars and fifty-six cents; that the special execution called for but one thousand two hundred and ninety-two dollars and sixty-one cents, making a balance of over six hundred dollars above the amount of the special execution, which was applied by the sheriff upon other general executions against plaintiff then in the hands of the sheriff; that the amounts were so applied without the knowledge or consent of plaintiff; that the defendant purchased said land well knowing that plaintiff was the head of a family and entitled to his homestead rights in said lands; that at the time of said sheriff's sale plaintiff was occupying a portion of said land as a homestead, although the same had never been platted and recorded as such; that the house of plaintiff was situated on the south-east quarter of said quarter section, and plaintiff was occupying said forty acres as a homestead, which fact was well known to defendant at the time of his said purchase.

It is further averred that said quarter section of land, at the time of said sale, was of the value of four thousand dollars; that of the six hundred and nineteen dollars and ninety-five cents balance, after satisfying the special execution, four hundred and eleven dollars and ninety-six cents were applied upon general executions in favor of the defendant, in fraud of plaintiff's homestead rights, the said judgments upon which said executions were issued not having been liens upon said homestead; that at the time of said sale the south-east quarter of said quarter section was of the value of one thousand five hundred dollars, and that by said sale the homestead of plaintiff was sacrificed; that if the land aside from the homestead had been offered in a body by itself enough would have been realized to pay off said special execution, leaving the homestead free.

It appears from the return of the sheriff upon said special execution, which is exhibited with the petition, that the land

was first offered for sale in forty-acre tracts, each separately, and there being no bidders then the whole quarter section was offered and sold to the defendant for one thousand nine hundred and twelve dollars and fifty-six cents.

The plaintiff, in his petition, offered to pay to defendant the amount which was applied on general executions of which defendant was not the holder, if required by the court, and to perform such conditions in the way of reimbursement as the court might impose.

The prayer of the petition is that the sale under special execution be set aside, and the title of plaintiff be revested in him, subject to the payment of the amount properly and legally due defendant, and that the homestead rights of the petitioner be protected by a proper decree, and for general relief. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Ryan Bros.*, for appellant.

*Sankey & Cook*, for appellee.

ROTHROCK, J.—I. The counsel for appellant in their argument say: "No claim is made that the homestead was ever

1. HOMESTEAD: judicial sale: exhausting other property.

platted or recorded by the sheriff. The fact that the sheriff offered the one hundred and sixty acre tract in forties, ending with that on which Brumbaugh lived, and received no bid, is claimed to have been a substantial compliance with the statute."

In answer to this proposition counsel cite us to *Linscott v. Lamart*, 46 Iowa, 312, and *White v. Rowley*, Id., 680. These cases are not analogous to the case at bar. In *Linscott v. Lamart* it was held that the sale was void because the sheriff sold a part of the homestead in satisfaction of an execution for which the homestead was not in any event liable. In this case the homestead was liable after exhausting the other land embraced in the decree of foreclosure.

In *White v. Rowley* the execution was for a debt contracted

after the homestead right accrued. The homestead was in no event liable for the debt. There was a dispute as to the boundaries of the homestead. The plaintiff attempted to make a selection different from the government subdivisions, and claimed that the sheriff levied upon and sold part of the homestead. Under these circumstances it was held that it was the duty of the sheriff to have caused the homestead to be platted. It will be observed that the plaintiff in that case supposed that the selection he had made was valid, and there was a dispute as to what constituted the homestead. In the case at bar there was no dispute. The plaintiff avers that a certain quarter of the quarter section was his homestead, and that defendant knew it when he made the purchase. It is not a case where the boundaries of the homestead were in dispute. The precise question presented in this case was determined in *Burmeister v. Dewey*, 27 Iowa, 468, where it was held that a sheriff's sale in foreclosure of a mortgage should not be set aside where the sheriff first offered the land in forty-acre tracts, according to the government subdivisions, and receiving no bids then offered and sold the whole of the lands, including the homestead. It was there held that offering the lands other than the homestead in separate tracts, and endeavoring thus to sell before offering and selling in a body, was exhausting the other property, within the meaning of section 2281 of the Revision. The same rule was followed in *Eggers v. Redwood*, 50 Iowa, 289. We are content with the reasoning and the conclusion reached in those cases, and are not disposed to overrule them.

What we hold is that the sale is not void, and cannot be set aside upon the averments made in this petition. Whether the sheriff would be liable in a proper proceeding for a misapplication of a part of the purchase money we do not determine, because he is not a party to this action, and no relief is asked against him.

AFFIRMED.