## OWENS ET AL. v. HART.

1. **Homestead:** SALE OF ON EXECUTION, WITHOUT PLATTING, VOID: ESTOPPEL OF OWNERS. Where an officer holds an execution against a homestead and other lands, and the occupants have failed to select and plat the homestead, it is the duty of the officer to select and plat the same, as provided by § 1998 of the Code, and to exhaust the other property liable to sale before offering the homestead; and a failure so to do on his part will render the sale void. In such case, the owners are not estopped from maintaining an action to set aside the sale on the ground that they had notice of the sale, and raised no objection thereto at the time. As the execution itself gave notice to the officer that there were other lands liable, besides the homestead, the owners had a right to rely upon his doing his duty without notice or request from them. But the rule is otherwise where the officer cannot be charged with notice of other property, unless the same is pointed out by the execution defendants. See *Foley v. Cooper*, 43 Iowa, 376.

*Appeal from Floyd District Court.*

SATURDAY, DECEMBER 15.

ACTION in chancery to set aside a sheriff's deed of lands

sold upon an execution issued upon a decree foreclosing a mortgage. A demurrer to the petition was sustained. Plaintiffs electing to stand upon their petition, a decree was entered dismissing it, from which they appeal.

*Bolton & Bolton*, for appellant.

*Ellis & Ellis*, for appellee.

BECK, J.—I. The petition alleges that upon a special execution, issued on the decree of foreclosure of a mortgage conveying one hundred and twenty acres of land, all of the property was sold *en masse* to defendant, and a sheriff's deed for the lands was accordingly executed. It is also alleged that forty acres of the land was the homestead of plaintiffs, and was occupied by them as such before the execution of the mortgage; that they never released their homestead rights to the forty acres; that no plat of their homestead was made by themselves, nor was it done by the sheriff, who failed to sell or offer to sell the other land before selling the homestead; that the lands other than the homestead were of sufficient value to satisfy the decree of foreclosure; that there were no other liens upon any of the lands, and that plaintiffs were not present at the sale, and had no notice that the sheriff would offer the lands for sale upon the execution *en masse.* A demurrer was sustained to the petition.

II. Code, § 1993, is in the following language: "The homestead may be sold for debts created by written contract, executed by the persons having power to convey, and expressly stipulating that the homestead is liable therefor; but it shall not in such case be sold, except to supply the deficiency remaining after exhausting the other property pledged for the payment of the debt in the same written contract." Section 1998 provides that the owner of the homestead, or the husband or wife, may select the homestead and cause it to be platted, and that "a failure in this respect does not leave the homestead liable, but the officer having an execu-

tion against the property of such a defendant may cause the homestead to be marked off, platted and recorded, and may add the expense thence arising to the amount embraced in the execution."

III.   We have held, under these provisions, that the failure of the officer holding an execution to select and plat a homestead, when the occupants have failed to do so, renders the sale void.   *White v. Rowley*, 46 Iowa, 680; *Linscott v. Lamart et al.*, Id., 312.   This rule applies whether the execution be issued upon a judgment at law or upon a decree foreclosing a mortgage.   The provisions of the statute above quoted, upon which the rule is based, are intended to protect the homestead from sale upon an execution until other real estate of the occupant has been made subject thereto.   Their language and spirit include sales made upon decrees foreclosing mortgages, as well as upon general executions issued upon judgments in other cases.

IV.   Counsel for defendant insists that this case is within the rule of *Foley v. Cooper et al.*, 43 Iowa, 376, under which plaintiffs cannot now defeat the sheriff's deed, for the reason that they had notice of the sale, and raised no objection thereto when it was made.   This case is distinguishable from *Foley v. Cooper et al.*, upon these considerations.   In this case the decree and execution describe the property subject to sale. The sheriff must take notice of the occupancy of a part of the land as a homestead, and he is required by the statute, without demand on the part of the defendants in execution, to select their homestead.   The plaintiffs, therefore, were authorized to presume that the sheriff would do his duty in the selection of the homestead, without any act on their part. The notice they had of the sale did not, therefore, require them to be present at the sale, or do any other act, in order to preserve their homestead rights.   In *Foley v. Cooper et al.*, the judgment and execution did not disclose that the defendant had other property than the homestead, which, by the terms of the judgment, was . made subject thereto.   The

Owens et al. v. Hart.

sheriff had no notice, therefore, that defendants had other property which ought to be exhausted first. The defendants, therefore, upon receiving notice of the sale, were required to make known to the sheriff the fact that they had other property, and give him a description thereof, or such information that he could levy upon it. It is plain that the defendants in execution in that case were required to do some act upon receiving notice of the sale, in order to protect their homestead. If they neglected to act, they ought not to complain. In this case they were required to do no act after notice of the sale. The notice and their silence, therefore, do not estop them.

The silence of plaintiffs cannot raise a presumption that they assented to the sale *en masse*, for the reason that they were authorized to presume that the law would be complied with by the .sale of the homestead last. They cannot be presumed to assent by silence to what they had no reason to believe would occur. Now, this is so, even if it could be presumed that a sale *en masse* was beneficial to them, and a separate sale would have been prejudicial to their interests. They knew the course the law prescribed; their silence indicated that they desired it to be followed.

In *Foley v. Cooper et al.*, the defendants in execution knew that, unless they indicated other property to be sold before their homestead, it would be first sold. Such was the course of the law, and to change it they must do some act. In that case notice of the sale demanded response; in this case it did not. The effect of silence in the respective cases is different.

We reach the conclusion that the district court erred in sustaining the demurrer to plaintiff's petition.

REVERSED.