VISEK ET AL. v. DOOLITTLE ET AL.

1. **Jurisdiction**: ACTION TO SET ASIDE EXECUTION SALE. The district court has jurisdiction of an action to set aside an execution sale of exempt property, though the execution issued from the circuit court upon a transcript of a judgment rendered by a justice of the peace.

2. **Homestead**: EXECUTION SALE OF LAND INCLUDING: VOID AS TO ALL. The sale on execution of real estate, including the exempt homestead, without setting apart the homestead, is void, even as to the portion subject to such sale; and a failure of the owner to object to the sale does not make it valid. See opinion for cases followed and distinguished.

*Appeal from Marshall District Court.*

WEDNESDAY, OCTOBER 20.

ACTION in chancery to set aside a sheriff's sale and deed of certain real estate. There was a decree granting the relief prayed for in the petition. Defendants appeal.

*Brown & Carney*, for appellants.

*J. M. Parker*, for appellees.

BECK, J.—I. The plaintiffs, who are husband and wife, allege in their petition, and amendments thereto, that defendants caused an execution, issued upon a judgment against the husband, to be levied upon certain real estate owned by the wife, which has been sold under the levy, and a sheriff's deed executed to one of the defendants. They further allege that the real estate has been occupied by them as a homestead for a time beginning long before the debt was contracted upon which the judgment in question was rendered. They ask that the deed and sale be set aside.

II. The judgment under which the sale was had was originally rendered by a justice of the peace, and a transcript was filed in the circuit court, from which the execution was issued. Counsel for defendants insist that the district court acquired no jurisdiction of the cause, for the reason that Code, § 3396, provides that, where proceedings in a judgment are sought to be enjoined, the suit for that purpose must be brought in the court wherein the judgment was obtained. But this is not an action to enjoin proceedings on the judgment; it is to declare that the property attempted to be made subject to the judgment is exempt therefrom. The district court, therefore, had jurisdiction of the action.

1. JURISDICTION: action to set aside execution sale.

III. It is next urged that, as plaintiffs have failed to show that the debt for which the judgment was rendered was

not for the purchase of the homestead, they are not entitled to the relief prayed for in the petition.   This claim is based upon the position that the burden of proof rests upon plaintiffs to show that the property is exempt from the execution. Waiving the consideration of this position, and, for the purposes of the case, assuming it to be correct, we hold that the record presents evidence from which, in the absence of any contradictory proof, we find that the debt was not for the purchase of the property involved in this suit.   It is shown that the title of the real estate is in the wife, and that the indebtedness upon which the judgment was rendered was contracted by the husband about seven years after they began the occupancy of the property as a homestead.   The debt could not have been contracted in the purchase of the property.

IV.   Defendants' counsel insist that the first story of the house, being used for business purposes by tenants, is not a part of the homestead, and therefore is subject to sale upon the judgment.   But the sale was of the whole property, without any attempt to set apart plaintiffs' homestead.   The sale is therefore void.   *Owens v. Hart*, 62 Iowa, 620; *White v. Rowley*, 46 Id., 680; *Linscott v. Lamart*, Id., 312.   This case is distinguished from *Foley v. Cooper*, 43 Iowa, 376, which holds that a failure to object thereto renders the sale of a homestead valid.   In that case the parties had stipulated in the contract creating the debt that the homestead should be liable therefor.   It was held, however, that the owners of the homestead might demand the sale of other property first, but that a failure to object to the sale of the homestead before other property was exhausted operated as a waiver of their rights in that regard.

2. HOMESTEAD: execution sale of land including: void as to all.

The foregoing discussion disposes of all questions in the case.   In our opinion, the judgment of the district court ought to be                                        AFFIRMED.