CANDIS ACKERMAN AND HENRY ACKERMAN, Appellants, v. IRA F. HENDRICKS, Receiver, *et al.*

Homesteads: PLATTING BY SHERIFF. Acts Twenty-seventh General Assembly chapter 98, amending Code, section 2979, provides that "should the homestead not be platted and recorded at the time levy is made upon real property, in which the homestead is included, the officer having the execution shall give to said owner and the husband or wife, if found within the county, written notice to plat and record the same within ten days after service thereof, after which time, said officer shall cause said homestead to be platted and recorded." *Held*, that written notice given the sheriff by a husband and wife after levy, and before sale, describing the homestead, relieved him from the duty, of platting and recording a plat of the homestead before the sale.

SHERIFF'S SALE: *Waiver of objections to.* Mortgagors of a 160-acre tract of land, including a 40-acre homestead, can not raise the objection, in a suit to protect their homestead rights, that in selling the land on execution under the mortgage, after it had been offered in 40-acre tracts, exclusive of the homestead the 120 acres were not offered together before the homestead tract was included, where a third party purchased the land at the sale, and had since resold to some one else.

*Inadequacy of price.* Mere inadequacy of price does not afford sufficient ground for attacking a sale of land on execution.

*Appeal from Cass District Court.*—HON. WALTER I. SMITH, Judge.

MONDAY, MAY 19, 1902.

THIS is an action in equity, the purpose of which is to protect the homestead rights of the plaintiffs, who are husband and wife. Henry Ackerman was the owner for many years of the northwest ¼ section 27, township 74, range 35, in Cass county. Plaintiffs resided upon the northwest 40 of this tract. In 1898 they executed a mortgage on the quarter section, to secure the sum of $4,000, to the Davenport Savings Bank. This mortgage was foreclosed, and the land sold under execution to defendant Rockafellow. Defendant Hendricks held a judgment against plaintiff for $1,500, which was a lien, subject to the mortgage, on said land, except the homestead 40; and, under this judgment, plaintiffs' equity of redemption in the 120 acres was sold on execution to Hendricks. Meredith, another defendant, purchased the certificate of sale from Rockafellow, and also obtained from various persons assignments of certain other judgments against plaintiffs. He also purchased from Hendricks his certificate of sale of the equity of redemption. The prayer of the petition, as amended, is that the sale to Rockafellow be set aside, and that the land be again sold, so as to protect the homestead, and if this is not done, that plaintiffs be permitted

to redeem the homestead tract by paying a proportionate part of the amount bid for the entire quarter section. The precise issues will be stated in the opinion. The decree rendered dismissed the petition at plaintiffs' cost, and they appeal.—*Affirmed.*

*John Hudspeth* for appellants.

*Delano & Meredith* and *J. B. Rockafellow* for appellees.

WATERMAN, J.—The main ground of complaint is that the homestead of plaintiffs was not platted by the sheriff before the sale was made as provided in chapter 98, Acts Twenty-seventh General Assembly. That act is in these words: "That section 2979 of the Code be amended by adding thereto the following: 'Should the homestead not be platted and recorded at the time levy is made upon real property, in which the homestead is included, the officer having the execution shall give to said owner and the husband or wife, if found within the county, written notice to plat and record the same within ten days after the service thereof, after which time, said officer shall cause said homestead to be platted and recorded as above and the expense thereof shall be added to the costs in the case.'" After the levy, and before the sale, plantiffs served on the sheriff a written notice that the northwest ¼ of the quarter section was their homestead; and the officer, in making the sale, offered the other land first in 40-acre tracts. There being no bid made, he then put up and sold the entire 160 acres. It is claimed on the part of defendants that the service of this notice by plaintiffs obviated the necessity of platting and recording by the officer. A similar question, arising under section 1998, Code, 1873, has been passed upon by this court. *Smith v. De Kock*, 81, Iowa, 535. There are some differences in the two statutes. In that last mentioned, the

officer was not required to serve notice on the owners to plat, and the phraseology of the last clause is that such officer "may cause the homestead to be marked off, platted and recorded," etc. Under this latter section it was held in the case above cited that a notice given the officer by the owner before the sale, describing the homestead, relieved the latter from making a plat and recording the same; the court saying: "By the notice * * * the selection was, under the law, as definite as a platting would have made it. The law does not require useless things, and certainly the deed will not be set aside for an omission to do this useless thing, if the sale was otherwise regular." We do not regard the obligation imposed on the officer, so far as platting and recording is concerned, to differ under the two statutes. The use of the word "shall" in the one, and "may" in the other, with relation to the officer's duty, does not indicate that the one statute is mandatory, and the other only directory. The provision of the Code of 1873 is to be read, not as giving the officer an option to plat, or not, in case he made sale, but, rather, as giving him the right to make a sale if he did so plat. We think the case cited disposes of this question against the contention of appellants. Neither is it valid objection at this time to the sale that after the land, exclusive of the homestead was offered in 40-acre tracts, the 120 acres was not offered for sale together before the homestead was included. *Burmeister v. Dewey*, 27 Iowa, 468; *Hill v. Baker*, 32 Iowa, 302.

II. Some claim is now made that the wife did not join in the notice to the sheriff. Her name was attached to it but the contention is that she did not sign nor authorize any one to sign for her. This point does not appear to have been raised in the trial court. At any rate it is not sustained by the evidence. Her husband had full authority to act for her in giving the notice. The complaint that the sale was for an inadequate price is not alone

available. The evidence shows quite clearly that the land was sold for about half its value but it was sold subject to redemption and mere inadequacy of price is not a sufficient ground for attacking the proceedings. *Sheppard v. Messenger*, 107 Iowa 717, *Griffith v. Harvester Co.*, 92 Iowa 634 and cases therein cited.

The decree of the trial court is AFFIRMED.