ED ARNOLD, Executor, Appellee, v. F. D. MURPHY et al., Appellants.

**MORTGAGES:** Foreclosure—Sale Without Platting Homestead—Effect. A deed to a tract of land, 40 acres of which is a homestead, based on a mortgage foreclosure sale made *without any platting of the homestead*, but made for a debt antedating the acquisition of the homestead, is not void. Especially is this true (1) when the tract was sold *en masse* only after each 40-acre tract had been offered separately without bid; (2) when the mortgagor is not seeking to redeem, but

simply to prolong his possession of the property; and (3) when the deed holder had bid substantially in excess of the value of the property. It follows that such deed is not assailable in a collateral action, i. e., an action to oust the mortgagor from the premises.

Headnote 1:  1 C. J. pp. 952, 953; 29 C. J. p. 878; 27 Cyc. p. 1746 (Anno.)

*Appeal from Adair District Court.*—W. F. VANDER PLOEG, Judge.

APRIL 7, 1925.

PROCEEDING to dispossess the defendants of certain land owned by plaintiff, under sheriff's deed. From a judgment in favor of plaintiff, defendants appeal.—*Affirmed.*

*Musmaker & Musmaker,* for appellants.

*Frank B. Wilson,* for appellee.

ALBERT, J.—On the 3d day of January, 1923, a judgment was entered in the district court of Adair County, Iowa, foreclosing the mortgage on a quarter section of land situated in that county. This mortgage, signed by both defendants herein, was for purchase money. The defendants did not move upon or occupy said land until after the making and recording of the mortgage. Special execution was issued on said decree, the property was sold, and in due course of time went to deed, on the 27th of February, 1924. It was bought at the sale by the plaintiff herein, who bid the amount of the judgment, interest, and costs, in all approximately $30,000. He then brought this action of forcible entry and detainer against the defendants, to dispossess them of the property.

The action herein is one at law. Defendants answered, alleging that the sheriff's deed, on which plaintiff based his action, was void, because they occupied a part of the same as a homestead at the time of the foreclosure, and so occupied it at the time of the trial in the lower court; that the sheriff failed to serve notice on them to plat their homestead, as required by Section 2979 of the Code of 1897; that neither the sheriff nor

the defendants platted or caused to be platted a homestead out of said real estate before the sale: and they pray that plaintiff's petition be dismissed.

The district court held with the appellee herein, holding that he was entitled to the immediate possession of the property, and commanded the sheriff to remove the defendants from the property in question.

The plaintiff bases his case on the aforesaid sheriff's deed. The answer of the defendants, if it amounts to anything, amounts to a plea in equity. The defendants so recognized it, because they prayed that the cause be transferred to the equity side of the docket, and that the sheriff's sale be set aside. The record is wholly silent as to any ruling on this motion or prayer to transfer to equity. It must, therefore, be treated as an answer at law. It cannot be recognized as a cross-petition or counterclaim asking for affirmative relief.

A sheriff's deed, under ordinary circumstances, makes a prima-facie showing for the holder thereof, in an action of this character. *Denegre v. Haun,* 14 Iowa 240. If the deed is to be avoided, it must be by a direct attack in equity, and not by a collateral attack, as attempted herein. All of the cases hereinafter cited are cases in which an action was brought in equity for the purpose of setting aside the deed. Hence, all were direct, and not collateral, attacks.

We are to determine whether the defendants are entitled, by this indirect and collateral method, to question the validity of the deed. This necessarily raises the question of whether or not a sheriff's deed, issued under the circumstances of this case, is void. Of course, if this deed is to be held void, then it may be attacked collaterally, or in any other manner the opposing party may choose; but if the deed is not void, it can only be attacked directly, and cannot be reached by collateral attack.

To reach the proper solution of this question, the facts may be simplified as follows: Judgment was entered on the note, and the mortgage foreclosed. Special execution sale followed, at which the sheriff, in offering the property for sale, offered it separately in 40-acre tracts, and received no bid for any individual 40. He then offered it *en masse,* and the judgment creditor bought it for the amount of his judgment, interest, and costs, and

satisfied the personal judgment against the defendants. The defendants at no place evidence any desire whatever to redeem from said sale. They have at all times neglected to pay any taxes on said property, have occupied and are now occupying the same, and seek to compel the judgment creditor to issue another execution and again sell, to the end that they may occupy the land for another redemption period of one year.

Section 2972 of the Code of 1897 provides:

"The homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary."

Two exceptions are marked out to the above section in Section 2976: First, where the sale on execution is for debts acquired prior to the acquisition of the homestead; and second, for debts created by written contract, executed by persons having power to convey, and expressly stipulating that it is liable therefor. In the last of these cases, it is only to be sold for a deficiency remaining after exhausting all the other property of the debtor liable to execution.

Section 2979 of the Code of 1897 as amended by Chapter 98 of the Laws of the Twenty-seventh General Assembly, reads as follows:

"The owner, husband or wife, may select the homestead and cause it to be platted, but a failure to do so shall not render the same liable when it otherwise would not be, and a selection by the owner shall control. * * * Should the homestead not be platted and recorded at the time levy is made upon real property in which a homestead is included, the officer having the execution shall give notice in writing to said owner, and the husband or wife of such owner, if found within the county, to plat and record the same within ten days after service thereof; after which time said officer shall cause said homestead to be platted and recorded as above, and the expense thereof shall be added to the costs in the case."

It is apparent from the reading of these sections that primarily all homesteads are exempt, and that they can only be sold, as far as these statutes are concerned, in two instances: First, for a debt contracted before the homestead was acquired; and second, when the parties entitled to the homestead, by

written agreement, subject it to the payment of the debt. All cases hereinafter referred to are cases in which the sale covers more land than the statutory homestead.

The mortgage and note on which the judgment of foreclosure was based, come within the purview of both of these exceptions in the statute (Section 2976) : that is to say, it was a purchase-money mortgage. The evidence shows that the defendants did not occupy or move upon the land until.after the debt was created; and hence it was a debt antedating the acquisition of the homestead. More than this, there was a written contract signed by both defendants, pledging the whole of the quarter section to the payment of the debt. Under the Iowa statute, the homestead, under circumstances of this character, is limited to 40 acres of land.

The Iowa cases in which there are sales and deed under circumstances similar to the one under consideration, naturally divide themselves into two groups, and the line of demarcation is very definite.

Under Section 2972 of the Code of 1897, which section is similar to the corresponding sections in all the previous codes, we have held that, where the sale did not substantially comply with Section 2976, or the homestead was not platted as provided by Section 2979 of the same Code, the deed was void. We so held in *White v. Rowley,* 46 Iowa 680; *Lowell v. Shannon,* 60 Iowa 713; *Goodrich v. Brown,* 63 Iowa 247; *Robinson v. Charleton,* 104 Iowa 296; *Lutz v. Ristine & Ruml,* 136 Iowa 684. All of these cases were cases in which judgment was entered for a debt created after the acquisition of the homestead, and the sale was under a general execution. We so held the deed to be void, because, under Section 2972 of the Code, a part of the property was not subject to sale. In addition to this, under a special execution in a foreclosure sale, we held that, under Code Section 2976, when Section 2979 had not been complied with, and the sheriff sold the property *en masse,* without offering the different tracts separately, such a sale was void. *Owens v. Hart,* 62 Iowa 620.

This line of cases fixes the rule that, where a sale is held under a general execution for a debt created after the acquisi-

tion of the homestead, Section 2976 and Section 2979 must be observed.

As to sales for debts antedating the acquisition of the homestead, where Code Section 2979 was not observed, we refused to set the sale aside even on a direct attack, as in the cases of *Denegre v. Haun*, 14 Iowa 240, and *Smith v. DeKock*, 81 Iowa 535.

In cases of mortgage foreclosures, we held that, even though Code Section 2979 had not been observed, yet if, in conducting the sale, the sheriff offered the land in forties and received no bid on any one of the forties, and then sold it *en masse*, such sale is not void. *Burmeister v. Dewey*, 27 Iowa 468; *Eggers v. Redwood*, 50 Iowa 289; *Brumbaugh v. Shoemaker*, 51 Iowa 148; *Newman v. Franklin*, 69 Iowa 244; *Ackerman v. Hendricks*, 117 Iowa 106.

In the *Brumbaugh* case, supra, a condition existed which is almost a duplicate of the one before us. The plaintiff owned a quarter section of land, on which he resided, a part of which was his homestead. A mortgage covering a quarter section was foreclosed, and special execution issued. The sheriff offered the land in 40-acre tracts separately, and received no bid, and then sold the land *en masse*. The owner subsequently brought his action to set the sale aside, and the principal points urged were that the homestead had never been platted or recorded; that it was not sold in the order provided in what is now Section 2976 of the Code of 1897. We there commented on the *White* case, supra, and, in explaining that decision, said that the homestead 40 was in no event liable for the debt. We further said, in the *Brumbaugh* case, even though that was a direct attack on the sale:

"What we hold is that the sale is not void, and cannot be set aside upon the averments made in this petition."

In accordance with the last cited line of holdings, we conclude that the sheriff's deed attacked herein by the defendants is not void, and hence cannot be attacked in this indirect and collateral method. We reach this conclusion more readily from another angle, which is equally disastrous to the claim of the defendants. It is obvious that the real purpose in passing these various statutes as to the sale of homesteads was to protect the

holder of the homestead against a sacrifice of his property. It is therefore provided that, in a sale, the homestead shall be offered last; and also that, if the owner himself does not plat the homestead, the sheriff shall plat it. The very purpose of these requirements is within line of the intent of the legislature to protect the homestead, as far as possible, so that it will not be sold unless necessary to the payment of debts for which it is pledged, or is made liable under the statute.

As heretofore said, the defendants are not seeking to redeem this property from the sale, but apparently want to avail themselves of the use of it for such a length of time as would be necessary for a resale of the property. It is fundamental that anyone seeking relief in court must show, before he has any standing, that some of his rights have been infringed, to the end that he has suffered damage or injury in some way. Let us assume that the sheriff had complied with the requirements of Section 2979 of the Code, and had given the defendants the opportunity to plat, or the sheriff had platted the homestead himself. What would it have availed the defendants herein, had this been done? The evidence in the case undisputedly shows that the sheriff, in conducting the sale, offered separately the various forties constituting this tract, and received no bid on any one of the forties. This we have held to be a substantial compliance with Code Section 2976. What advantage would have accrued to the defendants herein, had Section 2979 been complied with? None, that we can see or imagine.

The evidence finally shows that the amount paid for the land, under this sale, was approximately $6,000 more than its actual value. We are, therefore, unable to see where any of the rights of the defendants were infringed, or that they were in any way harmed or injured by reason of the failure of the sheriff to comply with the requirements of Section 2979 of the Code. We therefore conclude that the matters pleaded by the defendants by way of defense herein do not constitute a defense, and that the plaintiff was entitled to the judgment that he obtained in the lower court.—*Affirmed*.

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.