The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Plaintiff-Appellee,

v.

James O. ANDERSON and Laurine A. Anderson, Defendants–Appellants,

Agricultural Production Credit Association and Harold L. Littlefield d/b/a Littlefield Hybrids, Defendants.

No. 88–813.

Court of Appeals of Iowa.

Feb. 23, 1989.

Thomas P. Reznicek, Legal Services Corp. of Iowa, Des Moines, for defendants-appellants.

Jerry P. Alt of Duncan, Jones, Riley & Finley, Des Moines, for plaintiff-appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Andersons appeal from a district court judgment rejecting their motion to set aside the judicial sale of their farm. We affirm.

On October 14, 1985, a decree of foreclosure was entered in favor of plaintiff against the Andersons. In April 1986, a special execution was issued by the clerk of court and the sheriff levied on the property. On June 5, 1986, a sheriff's sale of Andersons' farm was conducted with Equitable making the high bid on the property. The property was sold en masse but a deficiency still remained on the underlying debt. A sheriff's deed was issued to Equitable and filed on June 12, 1987, since there was no redemption of the property. On February 22, 1988, the Andersons filed a motion to set aside the judicial sale.

The district court ruled against Andersons without reaching the question of whether homestead property was involved. The district court noted the length of time between the sale and this suit. In addition, the court determined the failure to mediate should not affect title to the property and failure to separately plat a homestead was not prejudicial since a deficiency remained after the sale. Andersons have filed this appeal.

As grounds for appeal, Andersons contend the sale of the real estate was invalid since the sheriff failed to separately plat and record the Andersons' homestead as required by Iowa Code section 561.5. Further, Andersons argue the plaintiff's failure to engage in mandatory mediation as required by Iowa Code section 654A.6 rendered the subsequent judicial sale of the farm invalid.

Our scope of review in equity matters is de novo. Iowa R.App.P. 4.

I.

Andersons claim they are entitled to have the sheriff's sale set aside on the basis the homestead was not platted in accordance with Iowa Code section 561.5, which states:

Should the homestead not be platted and recorded at the time levy is made upon real property in which a homestead is included, the officer having the execution shall give notice in writing to said owner, and the spouse of such owner, if found within the county, to plat and record the

same within ten days after service thereof; after which time said officer shall cause said homestead to be platted and recorded as above, and the expense thereof shall be added to the costs in the case.

The purpose behind platting the homestead prior to sheriff's sale is to help assure the homestead is protected from sale unless the sale of the remainder of the land fails to satisfy the mortgage debt. *See* Iowa Code § 561.21; *Prudential Insurance Company v. Westfall*, 219 Iowa 1119, 260 N.W. 344 (1935).

There is no dispute here the sheriff failed to give notice to Andersons or to plat the homestead as directed by section 561.5. In addition, it appears the sheriff failed to follow the guidelines set out for the sale of homestead and nonhomestead property by selling the entire property en masse. *See* Iowa Code § 561.21. Andersons' total indebtedness amounted to $458,693.47. The only bid offered at the time of sale was by plaintiff for the property en masse in the amount of $375,000, thus there remained a deficiency of over $83,000 after sale of the property.

■ Failure of the sheriff to follow prescribed procedures for platting and selling the real estate does not force us to void the sale and set it aside. *Westfall*, 219 Iowa at 1123, 260 N.W. at 349. Failure to comply merely makes the sale voidable. *Id.*, 260 N.W. at 349.

■ In this case we choose not to set aside the sheriff's sale for two reasons. First, Andersons argue they were damaged because the sheriff's failure to plat the land eliminated an opportunity for them to redeem their homestead pursuant to Iowa Code section 654.16 (1987), which provides for separate redemption of homestead during foreclosure proceedings.

This claim is without merit. The supreme court in *First National Bank in Fairfield v. Diers*, 430 N.W.2d 412 (Iowa 1988), determined section 654.16 became effective May 31, 1986, and would apply only to actions filed on or after this date. In this case, as in *Diers*, the foreclosure action was filed in 1985, prior to the effective date of section 654.16. It should be noted the legislature attempted to make section 654.16 retroactive in 1987, but this amendment was struck down as unconstitutional interference with private contractual relations. *See Federal Land Bank v. Arnold*, 426 N.W.2d 153, 161 (Iowa 1988).

Second, as we have pointed out, Andersons' entire indebtedness amounted to $458,693.47. The real estate was sold at the sale for $375,000, leaving a deficiency of over $83,000. The Andersons had one year to redeem the property and made no attempt to do so. But now, eight and one-half months after the redemption period has ended, they filed the present action.

In *Arnold v. Murphy*, 199 Iowa 934, 203 N.W. 387 (1925), the supreme court stated "It is fundamental that anyone seeking relief in court must show, before he has any standing, that some of his rights have been infringed to the end that he has suffered damage or injury in some way." *Id.* at 940, 203 N.W. at 390. Even if the sheriff here had meticulously followed each guideline, we do not see how the outcome could have been changed. Andersons had one year to redeem the real estate and made no effort to do so, and in this action, intimate their only interest is to redeem the homestead (which has not been determined to be a homestead). Under these circumstances we are unable to see where Andersons' rights have been infringed. We therefore determine the sheriff's sale should not be set aside.

## II.

■ Andersons contend the plaintiff's failure to engage in mandatory mediation violated Iowa Code section 654A.6 and precluded them enjoyment of their statutory rights.

The law requires that "a creditor subject to this chapter desiring to initiate a proceeding . . . to enforce a secured interest in agricultural property . . . or to otherwise garnish, levy or execute on, cease or attach agricultural property, shall file a request for mediation. . . ." Iowa Code § 654A.6. The effective date of the statute was May 29, 1986. The action here was initiated in August of 1985, the execution and levy occurred in April of 1986. The sheriff's sale took place in June of 1986. Thus, the

only procedures that occurred after the effective date of the statute were the sheriff's sale, delivery of the sheriff's certificate, and delivery of the sheriff's deed.

The defendants argue mediation was not a prerequisite to the conducting of a sheriff's sale under the express terms of the statute. We agree. The statute very explicitly defines those acts that cannot transpire prior to mediation. In this case, all the acts delineated in the statute clearly did occur prior to the effective date of the statute, none occurred after the effective date. As the Andersons argue, the procedure is designed to alleviate pressure caused by the farm crisis by bringing the parties together, determining the nature of the problem, and to encourage modification of debt repayment. Granted, these are worthy goals. However, we cannot say, by setting aside this sale and forcing the parties to enter into mediation, these goals can be obtained without great prejudice to the plaintiff.

Therefore, following the strict language of the statute, we hold it was not necessary for plaintiff to obtain a mediation release prior to the sheriff's sale in this case. We limit our holding to the peculiar facts here.

AFFIRMED.