AUGUST BUSCH, Appellee, v. S. G. TJENTLAND, Appellant.

**TRIAL:** Instructions—Form, Requisites and Sufficiency—Failure to Cover Issues. Instructions must, with reasonable fullness, and without request, cover all pending issues, irrespective of Section 3705-a, Code Supp., 1913.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

JANUARY 9, 1918.

ACTION to recover compensation for services rendered and meals furnished. The defendant put in issue some of the allegations of the petition by denial or avoidance, and interposed a counterclaim in nine divisions. On trial, there was a verdict for plaintiff, and judgment entered thereon. The defendant appeals.—*Reversed.*

*S. C. Huber, B. L. Wick,* and *L. M. Kratz,* for appellant.

*H. J. Ferguson,* for appellee.

LADD, J.—Nine items made up plaintiff's claim for a balance of $246.45. There were twelve items in defendant's counterclaim, making up a demand for $1,746.66. All of those included in the pleadings, save the last two in the counterclaim, were such as might arise between a farmer and a person employed by him, and be likely to be sufficiently understood from their statement. In the two items, defendant sought to recover damages consequent on alleged slander of him by plaintiff in saying to others: (1) That defendant had dug out a public road; and (2) that defendant had stolen plaintiff's chickens. The court, in the instructions, recited the items of the claim asserted by each

party, and advised the jury with reference to the burden of proof, defined preponderance of evidence, and directed the jury concerning the credibility of witnesses and how to make up their verdict. The only specific reference to the items of the claim for damages resulting from the alleged slander is as follows:

"Damages for slander saying that defendant dug out a public road, $500. Damages for slander, wherein plaintiff accused plaintiff [defendant] of stealing his chickens, $1,000."

The evidence tended to sustain the charges of slander, and the law bearing thereon, should have been given to the jury, even though no instructions were requested. *Snipps v. Minneapolis & St. L. R. Co.*, 164 Iowa 530; *Overhouser v. American Cereal Co.*, 128 Iowa 580; *Owen v. Owen*, 22 Iowa 270; *Capital City B. & P. Co. v. City of Des Moines*, 136 Iowa 243.

No rule of practice is better settled. The trial court is bound to see that the jury have a clear and intelligent understanding of the issues they are to pass on, and appropriate instructions should be given upon all issues joined; and a failure to instruct thereon with reasonable fullness is prejudicial error, even though no request be made. The court should have defined slander, told the jury what must be found to sustain each charge, and given the measure of damages to be applied. Appellant could not well have interposed objections under Section 3705-a, Code Supplement, 1913; for there were no instructions to object to, and that section was not applicable. It was not intended to relieve the court from instructing the jury on the issues, but to exact of the parties that exceptions to the instructions given be presented promptly, to the end that errors, in so far as practicable, be obviated while correction is possible. Because of submitting the causes of action alleging slander without instructions, the judgment must be reversed.

The ruling on the admissibility of evidence complained of was correct.—*Reversed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.