A. G. BAKER, Appellee, v. CLARA G. DAVIS, Executrix, Appellant.

No. 40609.

APRIL 10, 1931.

REHEARING DENIED OCTOBER 5, 1931.

J. L. Cameron and F. J. McGreevy, for appellant.

R. R. Bateson, for appellee.

KINDIG, J.—It is claimed by the plaintiff-appellee that, on or about November 15, 1920, he was employed by Aymer D. Davis to perform for him engineering and surveying services. Furthermore, the appellee asserts that, according to the contract of employment, he did the work requested by Mr. Davis.

These services were performed by appellee, it is said, during the years 1920 to 1924, both inclusive.

Aymer D. Davis, during his lifetime, was a practicing lawyer located at Eldora. Appellee was a civil engineer living in the same city. On October 17, 1928, Davis died as the result of a gunshot wound. His wife, Clara G. Davis, the defendant-appellant, was duly appointed executrix of his estate, and, on January 26, 1929, appellee filed his claim in the probate proceedings for the amount here sought. During his lifetime, Davis, as an attorney, represented several clients who improved their farms by ditching. An arrangement was made between Davis and his clients, appellee asserts, under which those clients employed Davis to do, not only the legal work for them, but also to furnish the required engineering services. In order to comply with such arrangement, appellee maintains that Davis hired him to do the engineering work.

By way of answer to appellee's claim, the appellant denies the said employment and asserts that Davis acted only as attorney in the matter, performing legal services for his clients. Also, it is contended by appellant that appellee was hired, not by Davis, but by the aforesaid clients. Such employment of appellee may have been accomplished, appellant concedes, through Davis, the attorney, but it was the clients, she insists, and not Davis who actually hired appellee. Moreover, appellant in her answer declared that appellee's claim was barred by the statute of limitations, and that the same is within the statute of frauds. Then by way of a further and inconsistent answer, appellant pleaded that appellee's claim had been paid.

When presenting the issues to the jury, however, the district court did not submit the issue of payment. All other issues were submitted. Therefore, because the district court did not present to the jury the issue of payment, a reversal is asked by the appellant.

I. The district court enumerated the issues, but, as before stated, did not include the one relating to payment. By thus enumerating certain issues, the district court naturally gave them prominence, and such prominence was sufficient to exclude from the jury's thinking the unnamed issue of payment. Following the statement of the issues, the district court then charged

the jury concerning a collateral agreement under the statute of frauds, and also instructed them as follows:

"The burden is on the plaintiff (appellee) in this case to establish by a preponderance of the evidence each and all of the following propositions claimed by him:

"1.   That on or about the month of November, 1920, A. D. Davis orally employed the plaintiff (appellee) to do certain engineering and surveying work for him and personally obligated himself to pay the plaintiff (appellee) therefor.

"2.   That pursuant to such employment, the plaintiff (appellee) did do the matters and things, or some of them, as set out in plaintiff's (appellee's) statement of account, Exhibits A, B, C, C-1, D and E.

"3.   The fair and reasonable value of the items for which claim is made."

As a part of the same charge, the district court, after telling the jury what appellee must prove, continued with the following conclusion:

"Now, if the plaintiff (appellee) has established, by a preponderance of the evidence, each and all of the foregoing propositions, then plaintiff (appellee) is entitled to a verdict at your hands in some amount, *unless you find by a preponderance of the evidence that the items of plaintiff's* (Appellee's) *account for services so rendered by plaintiff* (appellee) *pursuant to such employment are barred by the statute of limitations."* (The italics are ours).

▇▇▇   Payment again is impliedly excluded from the issues presented to the jury. Consequently the appellant did not have the benefit of the jury's finding on that subject. While the issue of payment may be inconsistent with some of the other defenses interposed, yet such inconsistency does not preclude the defense. Section 11199, Code, 1927. A defense properly pleaded should be submitted to the jury, providing there is evidence to sustain it. Whyte v. Union Mutual Casualty Co., 209 Iowa 917; Busch v. Tjentland, 182 Iowa 360; Snipps v. The Railroad Company, 164 Iowa 530.

▇▇▇   There is evidence in the record tending to sustain the plea of payment. This evidence is substantial, as distinguished

from mere scintilla. Such evidence consists of the following facts and circumstances. The engineering work in question was performed during the years last named, but no demand was made on Aymer D. Davis for compensation. So the account is long past due. Much of the work was performed seven years before Mr. Davis died. Appellee and Mr. Davis both lived in Eldora, and, so far as appears from the record, Mr. Davis was financially able to have paid appellee at any time. Yet the account was not paid, and no demand made on Mr. Davis therefor. That is a circumstance to be considered when determining whether there was payment. See Wilson v. Else, 204 Iowa 857; Finley v. Thorne, 209 Iowa 343.

After Mr. Davis died, the appellee first presented his alleged account to the appellant. Before the death of Mr. Davis, appellee was frequently in his office talking to the secretary concerning accounts which appellee held against the clients for engineering services performed. According to the secretary, however, appellee did not claim that Mr. Davis personally owed these accounts. Not only is the foregoing true, but in addition thereto, Mr. Davis, on September 7, 1928, wrote a letter to appellee in which it is indicated that Davis was not indebted to appellee. Said letter rather suggests that appellee was indebted to Davis. In words and figures the letter is as follows:

"Eldora, Ia., September 7, 1928.

Mr. Guy Baker (Appellee),
    Eldora, Iowa.

Dear Sir:

We have checked up the fees in re. Drainage District #45 a little more closely and find the following:

In regard to the balance owing by F. A. Gogerty as set out in the statement we rendered to you yesterday:

We find that F. A. Gogerty made a claim for meals which you and your men took at his place and that we finally settled with him for the balance due, by accepting a check for $33.00 in full settlement. We endorsed this check which he gave to us and sent the same to you on September 14, 1925.

In regard to the S. H. Brand account: We find that we did not turn over to you your fees of $77.40. There is a balance of $60.00 due us in the Baker Estate matter and the court costs in

this matter are $19.70. We are, therefore, holding this $77.40 to apply on these items."

An admission was made by appellee that he received the foregoing letter on or about the date named therein. Although appellee did receive the letter wherein Mr. Davis suggested that the former was indebted to him, yet, as before explained, no demand had been made upon Mr. Davis by the appellee for the account now in question. It would indeed be inconsistent with appellee's present claim for him to remain silent when receiving the Davis letter wherein it was stated that appellee is indebted to Davis. Notwithstanding, however, that Davis claimed appellee was indebted to him, appellee made no demand upon Davis for the present account, but remained silent until after the latter's death. All these facts and circumstances furnish some substantial evidence of payment.

Of course, appellee presented evidence tending to contradict the aforesaid facts and circumstances, yet the weight of all the testimony was for the jury, and the issue of payment having been raised by the pleadings, the same, together with the aforesaid evidence, should have been submitted to the fact finding body for their determination.

II. By way of reply to appellant's complaint because the court did not submit that issue to the jury, the appellee says that the point was waived. The basis for such contention is that the appellant requested no instructions upon this particular proposition. Manifestly appellee's position is not well-founded. At all times it is the duty of the trial court to submit to the jury issues properly pleaded if they are supported by substantial evidence. A request for instructions is not necessary to have the issues presented. Such presentation must be made regardless of a request. Busch v. Tjentland (182 Iowa 360), supra; Snipps v. The Railroad Company (164 Iowa 530), supra.

If an issue is submitted, although not amplified, and a party desires elaboration, a request for an instruction is necessary. Here, however, we do not have that situation. Before us is a case where the issue was not submitted at all. Necessarily, then, appellant has a right to complain, although she did not request instructions on the subject. Her complaint is not that the issue was not elaborately stated, but rather that it was not presented

1254

at all. Under the circumstances, the appellant was denied the benefits of her defense of payment. There was prejudicial error in this failure.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—Reversed.

FAVILLE, C. J., and STEVENS, MORLING, ALBERT, GRIMM and WAGNER, JJ., concur.

EVANS, J., takes no part.