TRAVELERS INSURANCE COMPANY, Appellee, v. EMMA BROOKS et al., Appellants.

No. 44043.

DECEMBER 14, 1937.

Herbert W. Brackney, for appellants.

Herrick & Ary, for appellee.

KINTZINGER, J.—Defendants were the owners of 160 acres of land in Cherokee County covered by a mortgage of $9,500 executed by former owners, who transferred the land to the defendants herein. The mortgage contained a clause authorizing a receivership after a valid sale on execution under the mortgage. The record shows that all parties were duly served with notice of the foreclosure proceedings and that a decree of foreclosure was entered and special execution issued thereunder for the sale of said property.

The question raised on the merits of this appeal is whether the sheriff's sale was invalid because he failed to notify defendants to plat their homestead before the sale as required by section 10139 of the Code.

I.   The only error relied upon for reversal is that no notice was given to the defendants notifying them to plat and set off their homestead as provided by statute.   It is conceded by the record that no notice was given by the sheriff to the defendants to plat their homestead.

The lower court found that:

"No notice to defendants to plat the homestead was required and that said execution sale of said real estate was in all respects valid and should be ratified and confirmed by the Court."   Defendants appeal.

The mortgage in this case contains the following provision:

"The said first party expressly waives the platting and recording of homestead and agrees in case of sheriff's sale hereunder that said premises may be sold in one body."

On October 10, 1931, the defendants Brookses and the original mortgagors, executed an extension agreement which provides:

"That the time of payment of a certain promissory note for $9,500.00, and the mortgage given to secure the payment thereof, * * * has been duly extended to November 1, 1934, * * *

"Subject to all the conditions of said note and mortgage,

except as to the time of payment of said principal sum unpaid; * * *

"And we further agree that the provisions as to default, as provided in said note and mortgage, shall apply to the payment of interest on this extension, as well as to all other items and conditions as set forth in said principal note and mortgage."

Although the record shows that no notice was given by the sheriff to the defendants to plat the property, it does show that the sheriff had defendants' homestead platted before the sale; it also shows that, except as to the notice to plat, the sheriff followed the procedure provided by statute. In his return on the special execution he certifies that after serving notice of sale on defendants Brookses, who were in possession of the property, and pursuant to said notice, he did on the 15th of June, 1936, sell at public sale the property aforesaid to the highest and best bidder for cash, and then and there offered said land, exclusive of the homestead, "in separate parcels and in the smallest legal subdivisions, and receiving no bids for said separate parcels * * * then offered all land, exclusive of the homestead, en masse, and receiving no bids therefor, * * * then offered separately the homestead referred to and described above, and receiving no bids therefor, *I then and there offered said land as a whole, including said homestead,* and then and there The Travelers Insurance Company bid for said land as a whole the sum of $11,613.83, and it being the highest and best bid therefor, I then and there struck said land off to said The Travelers Insurance Company." (Italics ours.)

The evidence introduced also confirms the return made by the sheriff. The record also shows without dispute that defendants, *by specific agreement,* waived the platting and recording of a homestead and agreed that in case of sheriff's sale the premises may be sold in one body.

Notwithstanding the failure to give defendants notice to plat the homestead, the evidence shows without dispute that the property was platted by the sheriff before the sale, and that in platting the same he included that portion thereof including the improvements as the homestead. The record also shows that all of the nonexempt forties were first offered separately and that no bid was received for any of the nonexempt tracts. The

evidence also shows without dispute that after no bids were received for the nonexempt property, the sheriff offered for sale the entire property including the homestead and received the offer and sold the property for the amount hereinabove set out.

All of the 40-acre tracts in the quarter section were offered for sale separately without receiving any bids therefor. As the tract containing the improvements was platted and set off by the sheriff as defendants' homestead, and as this was the best 40-acre tract on the farm, and as no bid was received therefor, and as all the nonexempt forties were offered en masse without getting a bid thereon, it became necessary to sell the whole farm en masse, before any bid was made; and, as nothing more could have been done if defendants had platted their own homestead, after receiving notice, it necessarily follows that no prejudice could have resulted by the sheriff's sale in the manner it was finally sold.

We are therefore constrained to hold that there was no error or invalidity in the sale of the property as shown by the sheriff's return. As bearing upon and supporting this conclusion, see: Arnold v. Murphy, 199 Iowa 934, 203 N. W. 387; Prudential Ins. Co. v. Westfall, 219 Iowa 1119, 260 N. W. 344; Connecticut Mutual Life Ins. Co. v. Brown, 81 Iowa 42, 46 N. W. 749; Security Savings Bank v. King, 198 Iowa 1151, 199 N. W. 166.

For the reasons hereinabove expressed, the decree of the lower court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, DONEGAN, SAGER, and STIGER, JJ., concur.