In re Estate of Charles E. Flaugher.

Ella Richardson, Appellant, v. Sidney C. Kehrberg et al., Appellees.

No. 46089.

October 20, 1942.

Geo. W. Sturges and Roseberry & Pitts, all of LeMars, for appellant.

Bedell & Bedell, of LeMars, and Diamond & Jory, of Sheldon, for appellees.

OLIVER, J.—Charles E. Flaugher, a resident of Plymouth county, Iowa, died June 3, 1941. Thereafter, an instrument purporting to be his will was offered for probate in the district court of said county. Contestant, Ella Richardson, filed objections to the probate of said will, based on the following grounds set out in separate divisions of her pleadings: (1) Unsoundness of mind; (2) undue influence; and (3) that the will was mutual and was revoked by the prior death of decedent's wife. Proponents filed a motion to require contestant-objector to elect between the pleas of undue influence and unsoundness of mind on the one part and revocation as a mutual will on the other part, upon the theory that said pleas were so inconsistent and diametrically opposed to each other that proof of one would entirely negate and destroy the other. The trial court sustained said motion and ordered contestant to make the election. Contestant, by written pleading and orally in open court, stood upon her pleadings and her exceptions to the ruling and refused to make such election or to plead or proceed further in the action. Thereafter, the court admitted the will to probate, after a hearing in which contestant did not participate. Contestant appeals.

I. The motion to require election asserted that appellant should not be permitted to plead that the will was never a valid instrument because of lack of testamentary capacity and undue influence, and at the same time assert that it was a mutual will which was later revoked by the death of decedent's wife, for the reason that the latter assertion implied that decedent's will was originally valid. The theory was that the allegation that the will was originally invalid and the allegation that it was afterward revoked were so repugnant as to be mutually destructive.

A similar proposition was determined in Wells v. Wildin, 224 Iowa 913, 277 N. W. 308, 115 A. L. R. 169, in which the petition seeking damages for personal injuries alleged: (1) That plaintiff was riding in defendant's automobile as his employee and was injured by his negligence; and (2) that plaintiff was

defendant's guest and was injured by defendant's recklessness. The two allegations were held not so inconsistent as to be mutually destructive so as to require plaintiff to elect to proceed upon one ground or the other.

There are like holdings in cases in which recovery has been sought upon the theories of (1) express contract, and (2) implied contract. In Ransom-Ellis Co. v. Eppelsheimer, 205 Iowa 809, 811, 218 N. W. 566, 567, the court said:

"In pleading, plaintiff knows that the triers of fact may adopt the claims of one side or the other, or partly one and partly the other. * * * Our practice permits the cause of action arising from a single transaction to be set out in separate counts, to meet the exigencies of the case as they may develop in the proofs."

Many supporting authorities are cited.

Code section 11199 provides that inconsistent defenses may be stated in the same answer or reply. Illustrative of inconsistent defenses permitted under said section are the four following cases: The answer in Baker v. Davis, 212 Iowa 1249, 235 N. W. 749, denied the contract of employment and pleaded payment of the obligation created by the alleged contract. In Seibel v. Olson Bros. Hardware, 202 Iowa 711, 210 N. W. 925, the answer denied the execution of a promissory note, alleged it was procured by fraud, and also alleged want and failure of consideration. In Sturgis v. Slocum, 140 Iowa 25, 116 N. W. 128, the answer alleged title by a conveyance and also that no title passed by said conveyance, and in Davidson Bros. Co. v. Smith, 143 Iowa 124, 121 N. W. 503, the answer pleaded that certain melons were not accepted under a certain contract of sale, and also breach of warranty upon the contrary theory.

In re Murphy's Estate, 153 Minn. 60, 64, 189 N. W. 413, 415, involved a will contest in which the grounds were: (1) That the will was not signed and executed by the decedent; and (2) if in fact signed by him, that it was procured by fraud and undue influence. In holding no election between the alleged inconsistent grounds of contest was required, the court said:

"The allegations of the grounds of contest are to be con-

strued and treated as ordinary pleadings in other judicial proceedings. In that light no fatal inconsistency appears. The case is no different from one where in answer to a complaint on a promissory note defendant pleads that the note was not signed by him, but, if it was, that his signature was procured by fraud. Defenses of that character have been held not fatally inconsistent."

To the same effect is In re Estate of Brown, 52 Idaho 286, 15 P. 2d 604.

Although the grounds of contest pleaded by appellant may have been technically inconsistent, they were not fatally repugnant within the definition of our decisions. Nor do we agree that one objecting to or seeking to set aside the probate of a will may not plead inconsistent grounds of contest. Under our practice appellant was not required to limit her contest to one theory or the other, and the order requiring her to elect was erroneous.

■ II. Some of the beneficiaries were described in the will as "the children living at the date of my death, of my deceased brother-in-law William Kehrberg." Only one of these said beneficiaries was named in the will, or appeared, or was listed by name in the proceedings in the trial court. Service of notice of appeal was made upon him and other proponents by serving the two firms of attorneys who represented them in the trial court.

Code section 12837 provides for service of written notice of appeal upon the adverse party, his agent or attorney.

Code section 12838 states:

"When such service cannot be made the trial court or judge on application shall direct what notice shall be sufficient."

Appellant made verified application to the trial court in which she alleged she was unable to serve notice of appeal on "the children of William Kehrberg, whose given and surnames are unknown to this objector, as well as their places of residence * * * " (and certain other parties). The court ordered service by publication in the LeMars Globe Post and directed

such notice should be sufficient. Publication was made accordingly.

Appellees have moved to dismiss the appeal upon the ground that such service was invalid as to some of the surviving children of William Kehrberg. Affidavits filed in support of said motion assert some of said children were known to appellant and the names of all could have been ascertained by her.

Without passing upon the correctness of the procedure adopted by appellees in raising and presenting this objection, we conclude it should be overruled. The court had jurisdiction to make the order and direction for service of notice of appeal upon these unnamed beneficiaries and it judicially determined the sufficiency of appellant's proofs to warrant the same. In making such determination the trial court doubtless took into consideration the facts that these necessary parties to the appeal were described in the will as a class only, and that they had not participated in the proceedings in the trial court and their names did not appear therein. Appellees' affidavits merely conflict with appellant's verified application and would not justify the setting aside of the order directing service of notice by publication.

III. Another ground of the motion to dismiss is that the questions involved became moot when the will was admitted to probate. The effect of the order requiring appellant to elect was to deprive her of some of the grounds of her objections. She excepted to the ruling, stood upon her pleadings and exceptions, and refused to proceed further. At this point she could not have stopped further proceedings by supersedeas. Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 1025, 241 N. W. 436, 441. Whether or not she might have secured a stay is here immaterial.

Her failure to except to the final judgment admitting the will to probate did not preclude her from maintaining the appeal. Western Securities Co. v. Atlee, 168 Iowa 650, 657, 151 N. W. 56, 59; Hansen v. Independent Sch. Dist., 193 Iowa 417, 186 N. W. 922, 21 A. L. R. 260; and In re Estate of Delaney, 207 Iowa 451, 223 N. W. 486. The order was directly appealable under Code section 12823 (4). Appellant elected to stake her entire case upon the outcome of this appeal. Even though the will

had not been admitted to probate prior to this decision she would have had no further right to contest the probate had the order requiring her to elect been affirmed. Appellees, in proceeding to probate the will, likewise assumed the risk of the effect which an adverse decision by this court would have upon their rights. First Nat. Bk. v. Dutcher, 128 Iowa 413, 425, 104 N. W. 497, 501, 1 L. R. A., N. S., 142.

The motion to dismiss is overruled.—Reversed.

All JUSTICES concur.