**FIRST NATIONAL BANK IN FAIRFIELD, Appellee,**

v.

**Robert H. DIERS, a/k/a Robert Diers; Mary K. Diers, a/k/a Mary Diers, a/k/a Mary Katherine Diers, Appellants,**

**United States of America Farmers Home Administration; The Wayland State Bank; United States of America Small Business Administration; and Lloyd Peterson, Defendants.**

No. 87–780.

Supreme Court of Iowa.

Oct. 19, 1988.

Peter C. Riley of Tom Riley Law Firm, Cedar Rapids, for appellants.

Craig R. Foss of Foss, Kuiken and Gookin, P.C., Fairfield, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The First National Bank in Fairfield, Iowa (First National) filed a petition for foreclosure in October 1985. On March 10, 1986, a decree of foreclosure was entered against Robert H. Diers and Mary K. Diers. The decree ordered a special execution for the sale of as much of the real estate in question as necessary to satisfy First National's judgment against the Diers. Prior to the sale, the Diers filed a plan of division of land with the sheriff of Jefferson County pursuant to Iowa Code section 626.84 (1985). The plan requested that the land subject to judgment be sold in five parcels. The last parcel to be sold was the Diers' homestead, but it was not designated as such in the plan or anywhere else.

A sheriff's sale was held on April 15, 1986. The sheriff offered the real estate for sale in the manner requested in the

plan submitted by the Diers. Each of the five parcels was offered separately. No bids were received for any of the separate parcels. All five parcels were then offered en masse and sold to First National. On January 14, 1987, the Diers filed for bankruptcy under chapter seven of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Iowa.

On January 16, 1987, the Diers filed a motion to determine contest as to redemption pursuant to Iowa Code section 628.21 (1985). The Diers claimed that they were entitled to separately redeem their homestead in accordance with Iowa Code section 654.16 (1987). This motion was denied on May 4, 1987. On April 15, 1987, the Diers filed a motion to set aside the sheriff's sale because the sheriff failed to separately plat the homestead prior to the sale. This motion was denied on May 11, 1987.

We are presented with two issues in this appeal. First, we must determine whether the Diers have the right to separately redeem their homestead. Second, we will determine if the procedures followed at the foreclosure sale dictate that the sale should be set aside. Our review of this matter is de novo. Iowa Code § 654.1 (1987).

## I. *Separate Redemption of Homestead.*

Prior to June 1, 1986, separate redemption of a distinct portion of land was allowed only when the land had been sold in parcels. *See* Iowa Code section 628.23 (1985). Under Iowa Code section 628.23, the Diers would be unable to separately redeem their homestead because the land was sold en masse. In 1986, however, the Iowa Legislature enacted chapter 1216 of the 1986 Acts, which has been codified at Iowa Code section 654.16 (1987).

This new law allowed the court to determine the fair market value of the homestead if it was not sold separately, provided the mortgagor had designated to the court the portion of land claimed as a homestead. The mortgagor could then redeem the homestead separately by tendering the fair market value of the homestead. The Diers claim that this new provision should be applied retroactively to their sale, allowing them to separately redeem their homestead.

At the outset of our analysis, we note that a statute is presumed to be prospective in its operation unless expressly made retrospective. Iowa Code § 4.5 (1987). Nevertheless, the question of retrospectivity is one of legislative intent. *Barad v. Jefferson County*, 178 N.W.2d 376, 378 (Iowa 1970); *Schmitt v. Jenkins Truck Lines Inc.*, 260 Iowa 556, 560, 149 N.W.2d 789, 791 (1967). Where the legislature has clearly expressed its intent we do not resort to rules of statutory construction. *Barad*, 178 N.W.2d at 378; *See also Koch v. Kostichek*, 409 N.W.2d 680, 682 (Iowa 1987) ("A clear and unambiguous statute is to be construed literally, without reference to aids to interpretation.").

Here, the legislature provided, "This Act applies to actions filed on or after the effective date of this Act." 1986 Iowa Acts. ch. 1216, § 13. The legislature went on to state, "The Act, being deemed of immediate importance, takes effect from and after its publication...." 1986 Iowa Acts ch. 1216, § 15. The secretary of state certified that the final date of the required publication for this act was May 31, 1986. *See* 1986 Iowa Acts ch. 1216, § 15. Therefore, this act becomes effective "from and after" May 31, 1986.

The plain language of the statute requires that section 654.16 be applied prospectively. This interpretation is supported by the requirements of section 654.16, which require the mortgagors to designate the homestead to the court at least ten days prior to the sale. The legislature would not intend that a statute operate retrospectively when no one could comply with its terms. Furthermore, a statement by the legislature that a law is of "immediate importance" does not alter the effective date established by the legislature. *See Barad*, 178 N.W.2d at 378–79.

In 1987, the legislature amended section 654.16 in an attempt to make this law retroactive. The retroactive application was struck down as an unconstitution-

al interference with private contractual relations. *See Federal Land Bank v. Arnold,* 426 N.W.2d 153, 161 (Iowa 1988). We find that the legislature has clearly expressed its intention that section 654.16 act prospectively from its publication. Iowa Code section 654.16 does not act retrospectively to provide the Diers the ability to separately redeem the homestead.

## II. *Procedures Followed in the Foreclosure Sale.*

The Diers challenge several aspects of the foreclosure sale. First, they contend that en masse bidding was repudiated by the enactment of Iowa Code section 654.16. The Diers also challenge the procedures which the sheriff followed in conducting the en masse sale. Finally, the Diers claim that the sheriff improperly platted the real estate and failed to obtain the consent of the Diers before accepting en masse bids.

■ We disagree with the Diers' claim that section 654.16 repudiates the practice of en masse bidding. Section 654.16 expressly allows the en masse sale of homestead and nonhomestead property:

> If the homestead is not sold separately, *but rather is sold in conjunction with the nonhomestead property* in order to satisfy the judgment,....

Iowa Code § 654.16 (1987) (emphasis added). When there is an en masse sale of homestead and nonhomestead property, the sale procedures set forth in *Prudential Insurance Co. v. Westfall,* 219 Iowa 1119, 1132–36, 260 N.W. 344 (1935), apply. These procedures do not effect the mortgagor's ability to separately redeem the homestead under Iowa Code section 654.16.

■ In *Westfall,* 219 Iowa at 1132–36, 260 N.W. at 349, we held that nonhomestead property should be offered before the homestead property in a foreclosure sale. If a sufficient bid is not received for the nonhomestead property, then the homestead tract may be offered separately. *Id.,* 260 N.W. at 349. If the aggregate of the bids remains insufficient to satisfy the judgment, all of the property may be sold en masse. *Id.,* 260 N.W. at 349. *Westfall* stands for the proposition that the homestead should be preserved if its value is not needed to satisfy the judgment. Here, the sheriff offered each of the parcels separately and received no bids. Only when the property was offered en masse did the sheriff receive a bid.

The Diers also claim that the sheriff improperly platted the land and did not obtain consent from the Diers prior to offering the entire parcel for an en masse bid. We find these claims to be without merit.

■ They urge the sheriff's sale to be set aside because the sheriff failed to designate the homestead plat. The sheriff complied with the platting instructions presented to him by the Diers. It was not necessary for the sheriff to plat the homestead as provided by Iowa Code section 561.5 when the mortgagors have filed a plan of division which included the homestead as a separate tract. The sheriff also complied with the procedural requirements for an en masse sale of land as outlined in *Westfall,* 219 Iowa 1119, 1132–36, 260 N.W. 344, 349. A sale will not be set aside if the sheriff has substantially complied with the procedures established for a foreclosure sale. *See Travelers Ins. Co. v. Brooks,* 224 Iowa 170, 172–73, 276 N.W. 617, 618–19 (1937). The sheriff platted the land in the manner directed by the Diers pursuant to Iowa Code section 626.84 (1985), and offered the land en masse only after each parcel had been offered individually. The Diers and their attorney were present at the sale and made no objections at that time. The procedures followed in this case were in substantial compliance with the procedures established for conducting a foreclosure sale. *See* Iowa Code § 561.5; *Westfall,* 219 Iowa at 1132–36, 260 N.W. at 349.

## III. *Effect of Bankruptcy Proceedings.*

First National claims that the Diers lost their right to redeem when they filed for bankruptcy. Because of our holding that Iowa Code section 654.16 does not apply retroactively, we need not address this issue.

The decision of the district court is affirmed.

AFFIRMED.