# IN THE COURT OF APPEALS OF IOWA

No. 20-0509
Filed February 3, 2021

**KERNDT BROTHERS SAVINGS BANK,**
    Plaintiff-Appellee,

**vs.**

**DONALD E. ROSENBAUM and AIMEE L. ROSENBAUM,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

Borrowers appeal the summary denial of their motion to set aside a sheriff's sale without a hearing. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, Charles City, for appellants.

H. Raymond Terpstra II of Terpstra & Epping, Cedar Rapids, and Matthew L. Preston and Cara L. Roberts of Brady Preston Gronlund, Cedar Rapids, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Borrowers Donald and Aimee Rosenbaum appeal the district court's order denying their motion to set aside a sheriff's sale of their property without holding a hearing. Because the Rosenbaums, through their delay tactics, precipitated the repeated postponement of the sale, they cannot now secure the equitable relief they seek. *See Fitchner v. Walling*, 279 N.W. 417, 419 (Iowa 1938) (following equitable maxim, "He who seeks equity must do equity" (citations omitted)).

The Rosenbaums borrowed more than $1.3 million from Kerndt Brothers Savings Bank in 2015 and 2016. They secured five promissory notes with an agricultural real estate mortgage. When the Rosenbaums fell behind in their payments, the bank foreclosed. In 2017, the bank moved for summary judgment and entry of a foreclosure decree. The Rosenbaums did not resist. So the district court granted summary judgment.

Fast forward to late 2019. By then, a sheriff's sale of their property had been scheduled and rescheduled at least six times.[1] Finally, on November 21, the property sold in three parcels without the right of redemption.[2] The winning bidders were the Balik Brothers, LLC, and the bank; the combined price for the three parcels was $1.6 million.

---

[1] The sheriff originally set the sale for March 2018. In 2019, it was reset for July 11, July 25, September 5, October 24, and finally held on November 21. The Rosenbaums caused the postponements by filing bankruptcy petitions, exploring a loan modification, and accusing the bank of fraud.

[2] In July 2019, the bank moved to eliminate the Rosenbaums' right to redemption under Iowa Code section 628.4 (2019). The Rosenbaums did not appear at a hearing on that motion. The court then entered an order extinguishing their redemption rights.

About three weeks later, the Rosenbaums applied to set aside the sheriff's sale. They organized their application into two counts. Count one complained that the bank and sheriff "apparently decided" to sell the land in three parts rather than two parcels. They alleged that division was illegal and cause for voiding the sale. Count two claimed the sheriff did not hold the November 21 sale in accordance with "legal requirements of the Iowa Code." They alleged four deficiencies: (1) postponement of the sale was not authorized by Iowa Code section 626.81; (2) they were not provided four weeks' notice as mandated by section 626.74 and the sheriff did not advertise the sale as required; (3) the Balik Brothers and the bank were the only bidders; and (4) the parcels sold for less than fair market value. Key to the bank's argument, the Rosenbaums' application did not request a hearing. And the court held no hearing. In fact, three days later and without waiting for the bank to respond, the court denied the application, finding "no basis upon which to stop the sale."

Ten days later, the Rosenbaums asked the court to amend the order under Iowa Rule of Civil Procedure 1.904(2). They again alleged the November 21 sale was not properly advertised. They claimed with proper notice they "could have lined up financing to purchase one or both of the properties." Foreshadowing their argument on appeal, they complained that the court ruled on their application to set aside the sale without a hearing. They asked the court to reconsider the matter at a hearing already scheduled for January 2020 on their right of first refusal under Iowa Code section 654.16A (2020).[3] The court denied the rule 1.904(2) motion,

---

[3] The parties eventually agreed to extend the Rosenbaums' right of first refusal to all three parcels sold at the sheriff's sale.

reiterating: "The Sheriff's sale will not be set aside." The Rosenbaums now appeal the denial of their motion to set aside the sale.

Because these proceedings were in equity, we review the ruling de novo. *First Nat'l Bank v. Diers*, 430 N.W.2d 412, 414 (Iowa 1988).

In this appeal, the Rosenbaums do not ask us to reverse the district court and set aside the sheriff's sale. Instead, as their only remedy, the Rosenbaums seek a remand so that the district court can hold a hearing on their motion to set aside the sheriff's sale "due to substantial irregularities in the method of conducting the sale coupled with substantial prejudice which resulted from those irregularities."

In response, the bank defends the court's refusal to set aside the sheriff's sale. The bank contends the Rosenbaums had adequate notice of the sale, which substantially complied with the requirements of Iowa Code chapter 626. *See id.* at 415 (holding sale will not be set aside if the sheriff has substantially complied with the statutory procedures). In support of this contention, the bank highlights filings by the Rosenbaums showing they had actual knowledge of the sale date. The bank argues any alleged defects in the sale process did not overcome "the strong presumption in favor of upholding judicial sales." *See S. Ottumwa Sav. Bank v. Sedore*, 394 N.W.2d 349, 352 (Iowa 1986).

On the question of a remand, the bank emphasizes that because the Rosenbaums did not request a hearing when they moved to set aside the sale, they cannot now claim it was error for the court to deny their motion without setting it for hearing. True, the Rosenbaums did ask for a hearing in their rule 1.904(2) motion. In that motion, they claimed to be "prepared to go forward with evidence

of the true value of the parcels, the interest of parties other than the Balik Brothers, LLC and Kerndt Brothers Bank in the purchase of the parcels, and the lack of adequate information" to allow the Rosenbaums to "line up appropriate financing." But the bank argues by then it was too late. The bank cites *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016), for the proposition that a proper rule 1.904(2) motion is based on evidence already in the record.

The bank cites no authority for the proposition that a party must make an express request for a hearing when moving to set aside a sheriff's sale. As the party seeking vacation, the Rosenbaums had the burden to show the price obtained at the sale was "grossly inadequate" or that they were otherwise prejudiced by enforcement of the sale. *See Daniels v. Holtz*, 794 N.W.2d 813, 822 (Iowa 2010). It is hard to imagine how the Rosenbaums could meet that burden when the court declined to set a hearing on their motion. Our initial inclination might be to remand so the borrowers may have their day in court.

But an alternative argument from the bank overrides that inclination. We agree with the bank's assertion that "the record strongly supports a finding that any 'irregularities' in the sale were the result of the Rosenbaums' own actions." As the bank contends, the Rosenbaums "chose to engage in deceptive practices" that delayed its ability to collect on its judgment. For example, the Rosenbaums sought numerous "emergency" stays and filed several bankruptcy petitions within hours of the scheduled sheriff's sales. So the repeated delays of earlier sales over a span of two years were of their own making. Because the borrowers did not engage in equitable conduct, they do not qualify for relief. *See Burns v. Prudential Ins. Co. of Am.*, 294 N.W. 906, 907 (Iowa 1940) (rejecting a potentially technically

meritorious challenge to a sheriff's sale where appellants "overlook the fact that they are appealing to a court of equity" and slightly altering the maxim to provide "[h]e who seeks equity must *at least offer* to do equity" (emphasis added)).

The Rosenbaums also argue the failure to grant a hearing denied them due process of law. They did not preserve that constitutional argument for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

We decline to remand this case for a hearing on the borrowers' motion to set aside the sheriff's sale.

**AFFIRMED.**